UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALD C. AND RAFAELITA S. GARCIA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-11412** |
| **ESSEX INSURANCE COMPANY, STONE INSURANCE AGENCY AND JAMES PORTER** | **SECTION B(4)** |

**ORDER AND REASONS**

Before the Court is Plaintiffs' Motion To Remand and Request for Attorney's Fees and Costs (Rec. Doc. No. 4). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiffs' Motion to Remand is **GRANTED** and Plaintiffs' Motion for Attorney's Fees and Costs is **DENIED.**

Plaintiffs claim that defendants, James Porter and Stone Insurance Agency are properly joined defendants that are citizens/incorporated in Louisiana, and that therefore diversity does not exist. Essex Insurance Company ("Essex") claims that diversity exists under 38 U.S.C. § 1332 because the non-diverse defendants were never served under Federal Rule of Civil Procedure 4; therefore, they are not parties in this proceeding for purposes of determining diversity jurisdiction (Rec. Doc.5).

On August 28, 2006, Plaintiffs filed a Petition for Damages in the 24th Judicial District Court for the Parish of Jefferson. On December 29, 2006, Essex filed a Notice of Removal claiming that diversity jurisdiction is present in this case.

Federal Rule of Civil Procedure 4(m) provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days *after the filing of the complaint*, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed.R.Civ.P. 4(m) (emphasis added).

Contrary to Plaintiffs' assertions, the 120 day time frame is measured from the time of filing of the initial complaint (whether filed in state or federal court) and does not restart upon removal. *See Westley v. Allstate Insurance Company*, 2007 WL 442221 at *2 (Feb. 6, 2007) (starting the 120 day time period from time of the filing of the action); *Mabon v. Park One of Louisiana, Inc.*, 2001 WL 877530 (E.D. La. 2001) (same).

A complete review of the record reveals that no service returns or waivers of service have been filed indicating that service has been made on James Porter. Therefore, the Court finds that Porter is not a party in this proceeding. In contrast, Plaintiffs requested a summons to be issued upon Stone on April 16, 2007, and said summons was returned executed on April 20, 2007. The Court finds that while Plaintiffs' service here upon Stone is arguably outside Rule 4(m)'s 120 day period for service of summons, in the context of this remand motion, there is no showing of contumacious conduct by Plaintiffs to warrant, in effect, dismissal of otherwise legitimate claims against the non-diverse defendant. Therefore, Stone is proper party in this proceeding. Thus, complete diversity does not exist, and remand is proper.

Plaintiffs also assert that Defendant's removal lacked an objectively reasonable basis and, therefore, move the Court to award attorneys fees and just costs. 28 U.S.C. § 1447(c) provides that a remand order may require payment of attorney's fees. *Martin v. Franklin Capital Corp.*, 126 S.Ct. 704, 709 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id*. at 711. Defendant's arguments are objectively reasonable. Accordingly,

**IT IS ORDERED THAT** Plaintiffs' motion to remand is **GRANTED** and Plaintiffs' motion for attorney's fees is **DENIED.**

New Orleans, Louisiana this 15th day of May, 2007.

_____
UNITED STATES DISTRICT JUDGE